**MEI HUI LIN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General of the United States, Respondent.**

No. 06–0751–ag.

United States Court of Appeals, Second Circuit.

Nov. 6, 2006.

H. Raymond Fasano, New York, New York, for Petitioner.

Kenneth L. Wainstein, United States Attorney, District of Columbia; Madelyn E. Johnson, Tricia D. Francis, Assistant United States Attorneys, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. PIERRE N. LEVAL, Hon. JOSÉ A. CABRANES, Circuit Judges.

## SUMMARY ORDER

Petitioner Mei Hui Lin, a native and citizen of the People's Republic of China, seeks review of a January 17, 2006 order of the BIA affirming the September 2, 2004 decision of Immigration Judge ("IJ") Alan L. Page denying petitioner's applica-

tions for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Mei Hui Lin*, No. A 95 455 457 (B.I.A. Jan. 17, 2006), *aff'g* No. A 95 455 457 (Immig. Ct. N.Y. City Sept. 2, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Secaida–Rosales v. INS,* 331 F.3d 297, 306–13 (2d Cir.2003).

Here, the BIA and IJ reasonably found that Lin failed to demonstrate that there was a reasonable possibility that she would be persecuted for illegally departing China. This determination was adequately supported by Lin's lack of criminal history or prior illegal departures, and the background materials. Lin testified that she was never arrested in China, she did not help to smuggle people out of China, her departure from China in 2002 was the first time she had left illegally, and she believed she would be incarcerated for her departure because she "heard it from many people and relatives who talk about that and people being sent back would be locked up and subject to very bad treatment." In contrast to Lin's testimony that she had "heard" about the detention and mistreatment of returnees to China, the BIA and IJ accurately observed that the background evidence indicates otherwise. In particular, the 2004 State Department Profile of Asylum Claims for China ("Profile"), states that in most cases, "returnees are detained long enough for relatives to arrange their travel," "fines are rare," and

the organizers of illegal migrant trafficking are subject to criminal prosecution. In addition, the IJ accurately observed that reports from Canada and the United Kingdom indicate that returnees have been privy to "preferential economic policies and business loans" made available by local governments, citizens who have been repatriated a second time typically are sent to labor camps and fined again, and individuals identified as "people smugglers" are liable to criminal prosecution. While four news articles from Fujian Province indicate that several hundred illegal emigrants were detained as criminals in 1999, and several reports indicate that prison conditions may be deplorable, the BIA and IJ reasonably relied on the more recent 2004 Profile to find that Lin failed to demonstrate that she personally would be detained in the first place if repatriated to China.

Additionally, the record supports the BIA's determination that, based on the background materials, Lin failed to meet her burden of proof to establish a well-founded fear of future persecution in China due to the birth of her United States-citizen daughter. In reaching this determination, the BIA expressly considered the fact that Lin had given birth to a daughter, contrary to Lin's argument that it neglected to do so. Lin testified at the hearing that she was afraid she would be forced to undergo an abortion or IUD insertion, fined, incarcerated, and not allowed to have more children, if returned to China. However, the BIA accurately noted that the Profile does not indicate that there is a national policy regarding the application of the family planning plan to Chinese nationals who give birth to children overseas.

Further, the BIA reasonably found that the Profile, in stating that "unless one of the parents is an 'overseas Chinese' (i.e.,

has residency rights in another country), a family with a United States-citizen child or children receives no special treatment under family planning laws," suggests that a family with one parent who has residency rights in another country, *does* receive special treatment. In this respect, the Profile does not support Lin's claim that she would be locked up or not allowed to have additional children. Moreover, the portion of the Profile cited by the BIA also indicates that, while Chinese parents of United States-citizen children may have to bear the expense of paying for tuition, United States diplomats in China are not aware of any cases in which returnees from the United States were forced to undergo sterilization procedures, and families in which both parents were Chinese citizens were expected to pay "social compensation fees."

■ Additionally, Lin's argument that the BIA erred by failing to realize that even if one child is permitted, she would be required to undergo an IUD insertion, is unavailing. The Profile states that "some family planning clinics give patients a range of birth control options and promote the idea of 'informed choice' of birth control methods," and Lin did not present evidence that she personally would be subject to a forced IUD insertion. To the extent that Lin argues that the BIA and IJ erred by neglecting a claim that forced IUD insertion amounts to persecution, she failed to meaningfully raise this challenge in her petition. Any such argument is therefore deemed waived. See *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 546 n. 7 (2d Cir.2005) (emphasizing that, "[i]ssues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal").

■ Based on the above information, and in the absence of any "solid support," the IJ appropriately found that Lin's fear

**86**

of persecution under the coercive family planning policy was "speculative at best," *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir.2005) (holding that the mere fact of having two U.S.-born children did not place the parents at sufficient risk to warrant asylum). Although both the BIA and IJ improperly relied on their perception that Lin would not return to China with her child, where Lin testified that she planned to bring her child with her and her credibility was never questioned, substantial evidence adequately supported their determinations that Lin failed to meet her burden of proof regarding her family planning claim. Because Lin was unable to show the objective likelihood of persecution needed to make out an asylum claim, the BIA and IJ properly found that she was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal and relief under the CAT, where both claims rested on the same factual premise as the asylum claim. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); *Gomez v. INS*, 947 F.2d 660, 665 (2d Cir.1991).

■ Lastly, the BIA was justified in disregarding Lin's claim that her actions amounted to "other resistance to" China's coercive family planning policy because she failed to raise it before the IJ. Even if Lin had legitimately raised this claim before the IJ, it would have failed because Lin did not demonstrate that she had a well-founded fear of persecution based on the birth of her daughter without permission in the United States, the claimed resistance. 8 U.S.C. § 1101(a)(42) (providing that a person who has a well founded fear that she will be subject to persecution for other resistance to a coercive population control program shall be deemed to have a well founded fear of persecution on account of political opinion).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).